[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married at New Britain, Connecticut on March 20, 1997.
All jurisdictional requirements have been met.
The parties have three minor children born issue of the marriage: Franco Dante Avallone, born December 11, 1984; Nikolas Brandon Avallone, born November 12, 1990; and Amanda Daniele Avallone, born November 1, 1991.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The court has considered all the statutory criteria contained in Connecticut General Statutes Sections 46b-56, 46b-81, 46b-82, and 46b-84.
The parties separated in January, 1995 when the defendant and the three minor children moved to Virginia. Her employer had terminated her position in Connecticut and had offered her a CT Page 12176 position in Virginia. There is conflicting testimony surrounding all of the circumstances of the move. In June of 1995, when the defendant brought the children to Connecticut for a visit, the plaintiff obtained joint custody and an order that the children not be removed without permission. Since that date the parties have shared joint custody with the primary residence of the children with their father, and visitation here and in Virginia with their mother.
The plaintiff's testimony regarding his marriage, its break-up, and the parties' finances, is without credibility. His answers were inconsistent or evasive. On cross examination he was combative, displayed his temper or recalled little. The court puts little stock in his ability to tell the truth on any matter, including the children, if the truth will not serve his ends.
Family Relations has conducted an evaluation of the family and issued both an initial report and a follow-up study. It is clear from the report of the family relations officer and the credible testimony before the court that the defendant was the primary caretaker of the children while the parties were together. While the plaintiff loves and has taken care of the children, he is rigid and unable to understand or accept their feelings. His anger toward his wife makes him unlikely to take the steps necessary to ensure the maintenance of a relationship between the children and their mother.
In addition, the plaintiff admits no gambling problem, while the more credible testimony shows that such a problem exists. The gambling problem is of concern in and of itself, but the plaintiff's denial is of even greater concern. The denial is consistent with the plaintiff's lack of insight into himself and others. He also has little empathy for the needs of his ex-wife and children when those needs do not reflect his wishes.
In addition to having been the primary caretaker of the children, defendant has been a valued employee and an attentive, caring, and nurturing mother. She has enjoyed increasing self confidence and shows strength of character. Her actions have, at times, been unwise, particularly in the manner in which she conducted the move of the children. The purpose of these proceedings, though, is not to punish nor reward people at the expense of the best interests of their children. The defendant has been an attentive, caring, and nurturing mother. She is far more flexible in regard to maintaining bonds for the children and CT Page 12177 their father.
Contrasted with the plaintiff, the defendant is the more honest, hardworking, responsible, considerate, and empathetic parent. In the long run, the children will receive more support, nurturance, guidance, and more effective parenting under her care.
The Court has considered all the statutory criteria in C.G.S. § 46b-56, 46b-81, 46b-82 and 46b-84.
The Court therefore enters the following orders:
Custody of the three minor children shall remain status quo until December 27, 1997 when sole custody of the three minor children shall transfer to the defendant subject to the rights of reasonable visitation in the plaintiff as follows:
1. Reasonable visitation within the state of Virginia, subject to two weeks notice.
2. Alternating Thanksgivings and Christmas breaks commencing in 1998. Thanksgiving 1997, shall be with the mother in Virginia. Christmas shall be with the father in 1997 subject to the transfer order above.
3. February break in even years.
4. Three weeks vacation during the summer.
In regard to the financial matters, the Court finds that again, the plaintiff has not been forthcoming about his financial circumstances, nor does his income reflect his earning capacity.
5. All right, title, and interest in the marital home is awarded to the plaintiff and he shall be responsible for all liabilities and costs associated with the same and indemnify and hold the defendant harmless thereon.
6. The defendant shall retain her deferred compensation and pension rights.
7. The plaintiff shall retain his business interests.
8. The plaintiff shall be responsible for all debts listed on CT Page 12178 his financial affidavit and shall hold the plaintiff harmless and indemnify her thereon.
9. The plaintiff shall pay to the defendant one dollar per year as alimony until the death of either party, or the defendant's remarriage, whichever shall first occur.
10. The plaintiff shall pay to the plaintiff $185.00 as child support, in compliance with the guidelines and subject to immediate wage withholding.
ELAINE GORDON, JUDGE